FILED
RICHARD W. NAGEL
CLERK OF COURT

7/28/2022

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WEST. DIV. DAYTON

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LEVESTER SMITH<br>4606 Germantown Pike<br>Dayton, Ohio 45417 | : | CASE NO.: 3:22-CV-203<br><br>Judge Michael J. Newman<br>Magistrate Judge Karen L. Litkovitz |
| Plaintiff | : | |
| -vs- | : | |
| ROB STRECK, Sheriff<br>Montgomery County, Ohio<br>345 W. Second Street,<br>Dayton, Ohio 45422, | : | **COMPLAINT FOR MONEY DAMAGES** |
| OFFICER ONE,<br>OFFICERT TWO,<br>OFFICER THREE,<br>OFFICER FOUR,<br>and the COUNTY OF<br>MONTGOMERY, OHIO | : | |
| Defendants | : | |

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. Sections 1983 and 1988, and the fourth and Fourteenth Amendments to the United States Constitution, and under the common law of state of Ohio against Officer One, Officer Two, Officer Three, and Officer Four, in their individual capacities, and against the County of Montgomery, Ohio.

2. Jurisdiction is based upon 28 U.S.C. Sections 1331 and 1343, and the pendent jurisdiction of this court to entertain claims arising under the law of the State of Ohio.

1

3. It is alleged that the individuals police officer Defendants exercised excessive force against the person of the Plaintiff, violating his rights under the Fourth and Fourteenth amendments to the United States Constitution, and that these Defendants assaulted and battered Plaintiff. It is further alleged that these violations and torts were committed as a result of policies and customs of the county of Montgomery, Ohio.

## PARTIES

4. Levester Smith was at all times material, a resident of the City of Dayton, County of Montgomery, Ohio and of full age.

5. Defendant Officers were at all times relevant to this Complaint, duly appointed and acting under of the Sheriff's Department of the County of Montgomery, Ohio, acting color of the statutes, ordinances, regulations, policies, customs and usages of the County of Montgomery, Ohio and/or the City of Dayton, Ohio. The names and identities of Officers One, Two, Three and Four, and any other Officers violating Plaintiff's rights, is presently unknown to the Plaintiff.

6. The County of Montgomery, Ohio is a governmental division of the State of Ohio and the public employer of said Officers.

## FACTS

7. On and about July 28, 2020, Plaintiff was incarcerated in the Montgomery County, Ohio Jail.

8. At the time of his incarceration, Plaintiff wore jewelry in the form of several rings on his hands.

9. Defendant Officers sought to remove the rings from Plaintiff's hands and experienced difficulty in doing so.

2

10. Plaintiff advised the Officers that while it could be difficult for the Officers to remove his rings, he knew how to do so and Plaintiff asked the Officers repeatedly for permission to remove his rings himself.

11. The Officers refused Plaintiff permission to remove his rings and continued their unsuccessful efforts to remove Plaintiff's rings causing Plaintiff substantial pain and discomfort.

12. With his rings still on his hands, Plaintiff was moved from the from the initial intake area at the Jail, to its reception area where the Officers continued their efforts to remove Plaintiff's rings. Plaintiff's hands were cuffed behind his back.

13. Plaintiff protested the unsuccessful and painful efforts the Officers were attempting and continued to request permission to remove the rings himself.

14. As Plaintiff became more assertive is seeking permission to remove his own rings, the Officers tried more and forcefully to remove Plaintiff's rings.

15. The Officers apparently attempted to silence Plaintiff's requests by forcing him to the floor handcuffed. As they did so, Plaintiff hit the side of his face on the floor drawing blood.

16. The only medical assistance Plaintiff received was a napkin was applied to stop the bleeding from this face wound.

17. Only days before his incarceration, Plaintiff had undergone surgery to his groin area and was still in pain and discomfort as a result of the surgery.

18. As the Officers roughly moved Plaintiff and manipulated his body, they aggravated the wounds from his operation thereby causing Plaintiff substantial pain and discomfort. Eventually, Plaintiff was permitted to facilitate the removal of his rings.

19. Eventually Plaintiff was released from the Montgomery County Jail and shortly thereafter was attended by his physician for the aggravation of his wounds form the earlier surgery.

20. While it should be evident, at no time during the events described above, was Plaintiff intoxicated, incapacitated, a threat to the safety of himself or others, or disorderly. He had not committed any criminal offenses while in custody.

21. Defendant Officers had no probable cause or excuse to apply excessive force to the Plaintiff.

22. At all times during the events described above, the Defendant Officers wereengaged in a joint venture. The individual Officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

23. As a direct and proximate result of the described acts of the Defendant Officers, Plaintiff suffered the following injuries and damages:

    a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to be free from unreasonable search and seizure of his person;

    b. The application of excessive force to Plaintiff;

    c. Physical pain and suffering and emotional trauma and suffering the expenditure of money for treatment;

24. The actions of the Defendant Officers violated the following clearly established and well settled federal constitutional rights of Plaintiff:

    a. Freedom from the unreasonable seizure of his person;

    b. Freedom from the use of excessive, unreasonable and unjustified force against his person.

4

### COUNT I: 42 U.S.C. Section 1983 Against Individual Defendants

25. Paragraphs 1 through 24 are incorporated herein by reference as though fully set forth.

26. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against Defendant Officers One, Two, Three, and Four for violations of his constitutional rights under color of law.

### COUNT II: Assault and Battery Against Individual Defendants

27. Paragraphs 1 through 26 are incorporated herein by reference as though fully set forth.

28. Defendants Officers One, Two, Three, and Four assaulted and battered Plaintiff.

29. As a result of this assault and battery, Plaintiff suffered damages as aforesaid.

### COUNT III: 42 U.S.C Section 1983 Against County of Montgomery, Ohio

30. Paragraph 1 through 29 are incorporated herein by reference as though fully set forth.

31. Prior to July 28, 2020, the County of Montgomery, Ohio developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the County of Montgomery, which caused the violations of Plaintiff's rights.

32. It was the policy and/or the custom of the county of Montgomery to inadequately supervise and train its officers including the Defendant Officers, thereby failing to discourage further constitutional violations on the part of its Officers. The County did not require appropriate in-service training or re-training of its Officers who were known to have engaged in police misconduct.

33. As a result of the above-described policies and customs, police officers of Montgomery County, Ohio believed that actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

34. The above-described policies and customs demonstrated a deliberate indifference on the part of policymakers of the County of Montgomery, Ohio to the constitutional rights of the persons within the County, and were the cause of the violations of Plaintiff's rights alleged herein.

**WHEREFORE,** The Plaintiff requests that this Court:

a. Award compensatory damages to Plaintiff against Defendants, jointly and severally;

b. Award the costs of this action to the Plaintiff;

c. Award reasonable attorney fees and costs to the Plaintiff on Counts I and III of the Complaint;

d. Award such other and further relief as this Court may deem appropriate.

Respectfully submitted,

*Charles A. McKinney*
Charles A. McKinney (0039214)
Law Offices of Charles McKinney
118 West First Street, Suite 618
Dayton, Ohio 45402
Tel: (937) 461-9000
Fax: (937) 461-9640
Email: charles@charlesmckinney.com