UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LEVESTER SMITH,

       Plaintiff,                         Case No. 3:22-cv-203

vs.

SHERIFF ROB STRECK, *et al.*,         District Judge Michael J. Newman
                                    Magistrate Judge Caroline H. Gentry

       Defendants.

---

**ORDER: (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS (Doc. No. 11); (2) DISMISSING ALL COUNTS AGAINST DEFENDANTS MEAD, DELL, O'DANIEL, LEE, AND EATON; (3) DISMISSING COUNT III OF THE AMENDED COMPLAINT; AND (4) PERMITTING THE CASE TO PROCEED REGARDING THE FOLLOWING CLAIMS: COUNTS I AND II ALLEGING EXCESSIVE FORCE AND ASSAULT AND BATTERY AGAINST DEFENDANT STRECK**

---

This is a civil case in which Plaintiff Levester Smith seeks relief for alleged constitutional violations. *See* Doc. Nos. 1, 7. Plaintiff's first complaint was filed with the assistance of counsel. *See* Doc. No. 1. Sometime thereafter, Plaintiff's counsel passed away. *See* Doc. No. 2. Plaintiff, now proceeding *pro se*[1], filed an amended complaint. Doc. No. 7. All Defendants – Montgomery County Sheriff Rob Streck, Officer David Mead, Officer Christopher Dell, Officer Zachary O'Daniel, Officer Jordan Lee, and Sergeant Craig Eaton – filed a joint motion to dismiss pursuant

---

[1] The Court accepts a *pro se* plaintiff's allegations as true and "construe[s] filings by *pro se* litigants liberally." *Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006) (citing *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005)). However, while *pro se* pleadings are "liberally construed" and "held to less formal standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), *pro se* plaintiffs must still satisfy basic pleading requirements. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

to Fed. R. Civ. P. 12(b)(6).[2]  Doc. No. 11.  Plaintiff filed a *pro se* memorandum in opposition (Doc. No. 13), and Defendants replied (Doc. No. 14).  Thus, the motion is ripe for review.

## I.     Background

The following facts are taken as true as alleged in the amended complaint, the operative pleading for deciding this motion.  Doc. No. 7.  On July 28, 2020, Plaintiff was in custody at the Montgomery County Jail.  *Id.* at PageID 19.  Plaintiff then wore several rings on his fingers.  *Id.* Unidentified "police officer [D]efendants" attempted to remove the rings from Plaintiff's fingers but were having difficulty doing so.  *Id.*  Plaintiff asked for permission to remove the rings himself. *Id.* at PageID 20.  The officers refused and continued trying to remove the rings, causing Plaintiff pain and discomfort.  *Id.*  Eventually, the officers forced Plaintiff to the ground and Plaintiff's face began bleeding.  *Id.*  He was offered a napkin to stop the bleeding, but no other assistance was provided.  *Id.*  Plaintiff was eventually allowed to remove his rings without interference.  *Id.* at PageID 21.

Notably, Plaintiff had surgery on his groin area "only days before" this incident, which exacerbated his preexisting pain from that surgery.  *Id.* at PageID 20.  Shortly after being released from incarceration, Plaintiff sought medical treatment for these injuries.  *Id.* at PageID 21.  He filed this lawsuit on July 28, 2022.  *See* Doc. No. 1.

## II.     Legal Standard

Rule 12(b)(6), like all other Federal Rules of Civil Procedure, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  A motion to dismiss filed pursuant to Rule 12 (b)(6) operates to test the sufficiency of the complaint and permits dismissal

---

[2] The motion to dismiss concerns just the timeliness and plausibility of Plaintiff's *pro se* claims, not other issues such as qualified immunity.

for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a plaintiff must satisfy the basic pleading requirements set forth in Rule 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

A complaint will not suffice if it offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In considering whether the facial plausibility standard is met, the court must view the complaint in the light most favorable to the plaintiff, accepting as true all allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor. *See, e.g.*, *Kaminski v. Coulter*, 865 F.3d 339, 344 (6th Cir. 2017).

### III.    Analysis

### A.  Statute of Limitations as to Counts I and II

Defendants argue Counts I and II of the amended complaint against Defendants Mead, Dell, O'Daniel, Lee, and Eaton should be dismissed because they were alleged against these Defendants after the applicable statute of limitations periods expired. Doc. No. 11 at PageID 52. Count I alleges an excessive force claim under 42 U.S.C. § 1983 and Count II alleges a state law claim of assault and battery. *See* Doc. No. 7 at PageID 22. Both claims originate from the incident

3

that occurred on July 28, 2020 at the Montgomery County Jail. Doc. No. 7 at PageID 19-22. The amended complaint was filed on July 11, 2023. *See* Doc. No. 7. This was the first time Defendants Mead, Dell, O'Daniel, Lee, and Eaton had been named as such; previously, Plaintiff filed his complaint against unidentified John/Jane Doe Officers One, Two, Three, and Four, in addition to Defendants Streck and Montgomery County. *See* Doc. Nos. 7, 1.

First, the Court must determine the applicable statute of limitations for each claim. For Count I, § 1983 claims arising in Ohio are subject to the State's general personal injury statute of limitations pursuant to Ohio Rev. Code § 2305.10, which requires suits be filed within two years of accrual. *Browning v. Pendleton*, 869 F.2d 989, 991-92 (6th Cir. 1989). While the statute of limitations period generally is governed by state law, the accrual date of a § 1983 action is a question of federal law. *Wallace v. Kato*, 594 U.S. 384, 388 (2007). A § 1983 excessive force claim accrues the same day the alleged excessive force is used. *Hodge v. City of Elyria*, 126 F. App'x 222, 224 (6th Cir. 2005)). For Count II, Plaintiff's claim under Ohio law for assault and battery is "one year after the date on which the assault or battery occurred." *Jordan v. Howard*, No. 29190, 2021 WL 5275974, at *4 (Ohio App. 2d Dist. Montgomery, 2021) (citing Ohio Rev. Code Ann. § 2305.111(B)(1))). Accordingly, Plaintiff's excessive force claim alleged in Count I was subject to a statute of limitations period of one year, and his assault and battery claim as alleged in Count II was subject to a statute of limitations period of two years, both of which accrued on July 28, 2020, the date of the alleged incident.

Additionally, the doctrine of "relation back" under Fed. R. Civ. P. 15 is inapplicable when a plaintiff adds "new, previously unknown defendants in place of 'John Doe' defendants" because that "is considered a change in parties, not a mere substitution of parties," and "such amendments

do not satisfy the 'mistaken identity' requirement of Rule 15(c)." *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012) (internal citations omitted).

Plaintiff's claims against Defendants Mead, Dell, O'Daniel, Lee, and Eaton are time-barred and should be dismissed. The statute of limitations for the § 1983 excessive force claim expired July 28, 2022 – two years after the incident occurred on July 28, 2020. The statute of limitations for the assault and battery claim expired on July 28, 2021 – one year after the incident occurred. Because these defendants were not named as such—or had reason to believe they would be named as such—until July 11, 2023, the claims against them must be dismissed. *See City of Akron*, 476 F. App'x at 69 (citing *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996)).

## B. Failure to State a Claim Upon Which Relief can be Granted as to Counts I and II Against Defendant Streck

Having carefully and thoroughly considered the pleadings and briefing in support of, and in opposition to, Defendants' motion as it relates to Counts I and II alleged against Defendant Streck, along with the procedural posture of this case, the efficient and appropriate way forward is to permit discovery to occur and consider the parties' arguments on summary judgment, not earlier at the motion-to-dismiss phase of litigation. *See, e.g.*, *Meriwether v. Hartop*, 992 F.3d 492, 514 (6th Cir. 2021). Proceeding in this manner will ensure that the Court reviews these arguments only after appropriate discovery has been completed and will guarantee that the Court's consideration of the parties' arguments is not premature. *Id.*; *cf. Humphreys v. Bank of Am.*, 557 F. App'x 416, 422 (6th Cir. 2014); *Grose v. Caruso*, 284 F. App'x 279, 284 (6th Cir. 2008) (Gibbons, J., concurring); *Nuchols v. Berrong*, 141 F. App'x 451, 453 (6th Cir. 2005); *LRL Prop. v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1113 (6th Cir. 1995) (Jones, J., dissenting). Because there is a timely-filed, plausible claim upon which relief can be granted as to Defendant Streck, Counts I and II should not be dismissed against him.

### C.  Count III of the Amended Complaint

Defendants finally argue that Count III should be dismissed under Fed. R. Civ. P. 12(b)(6). In Count III, Plaintiff alleges a § 1983 municipal liability violation against Defendant Streck, claiming that Montgomery County inadequately trained and supervised its officers.  Doc. No. 7 at PageID 22, ¶ 32.  Defendants argue that this allegation, without more details regarding a specific policy, practice, or training inadequacy attributable both to the alleged incident and the Montgomery County Jail or the Montgomery County Sheriff's Office generally, does not suffice to state an actionable claim.  Doc. No. 11 at PageID 55.

To survive a motion to dismiss, a § 1983 claim alleging inadequate training and supervision of employees requires the plaintiff to demonstrate that a municipality acted with "deliberate indifference," *i.e.*, the "municipality was aware of prior unconstitutional actions of its employees and failed to respond."  *Barrett v. Wallace*, 107 F. Supp. 949, 955 (S.D. Ohio 2000) (citing *City of Canton v. Harris*, 489 U.S. 378, 390-91 (1989)).  This generally requires a showing of a specific "policy or custom" that violates a constitutional right; a conclusory allegation is not sufficient.  *Id.* (citing *Taylor v. Canton Ohio Police Dep't*, 544 F. Supp. 783, 788 (N.D. Ohio 1982)).

Here, Plaintiff's amended complaint does not allege a specific policy, practice, or custom of Montgomery County, its jail, or its police department that contributed to a violation of any of Plaintiff's constitutional rights.  The amended complaint only states that:

> It was the policy and/or the custom of [] the county of Montgomery to inadequately supervise and train its officers including the Defendant Officers, thereby failing to discourage further constitutional violations on the part of its Officers.  The county did not require appropriate in-service training or re-training of its Officers who were known to have engaged in police misconduct…As a result of the [previously] described policies and customs, police officers of Montgomery County, Ohio, believed that actions would not be properly monitored by supervisory officers and

> that misconduct would not be investigated or sanctioned, but would
> be tolerated.

Doc. No. 7 at PageID 22, ¶¶ 32-33. This amounts only to a conclusory allegation and does not meet the standard established by precedent that a Plaintiff must meet to survive a motion to dismiss on a § 1983 claim for inadequate training and supervision. *See generally Barrett*, 107 F. Supp. 949. An umbrella statement of alleged unconstitutional practices, without more, cannot move forward as a pleading that states a plausible claim for which relief can be granted. *See id.* Accordingly, Count III is dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Moreover, the *pro se* complaint is deficient in that Montgomery County is not named as a Defendant.

### IV. Conclusion

Based upon the foregoing, Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**. Doc. No. 11. All claims against Defendants Mead, Dell, O'Daniel, Lee, and Eaton, are **DISMISSED**. The municipal liability claim against Defendant Streck is **DISMISSED**. Plaintiff may pursue only his excessive force and state law assault and battery claims against Defendant Streck. The Court shall issue an order requiring the parties to meet and confer, pursuant to Fed. R. Civ. P. 16, by separate entry. Discovery shall proceed forthwith.

**IT IS SO ORDERED.**

Date:   March 4, 2024                              s/Michael J. Newman
                                                   Hon. Michael J. Newman
                                                   United States District Judge

7