IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| LEVESTER SMITH, | : | Case No. 3:22-cv-00203 |
| Plaintiff, | : | |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | (by full consent of the parties) |
| | : | |
| SHERIFF ROB STRECK, et al., | : | |
| | : | |
| Defendants. | : | |

**ORDER DENYING MOTIONS FOR RECONSIDERATION**

This civil rights matter is before the Court upon each party's request to reconsider the District Judge's March 5, 2024 Order that dismissed all of Plaintiff's claims against five Defendants and one of Plaintiff's claims against Defendant Streck, and that declined to dismiss two other claims (for excessive force, and for assault and battery) against Defendant Streck. (Dismissal Order, Doc. No. 16.)

Plaintiff submitted a "Motion To Overturn The Dismissal of The Defendants And The CD Be Allowed Into Court As Evidence." (Plaintiff's Motion, Doc. No. 27.) Plaintiff asserts that evidence on a CD confirms that former Defendants Mead, Dell, O'Daniel, Lee, and Eaton used excessive force against him. (*Id*. at PageID 131.) Notably, however, the Court dismissed Plaintiff's claims against these Defendants solely because they were untimely, which is an absolute bar to asserting them. (Doc. No. 16, PageID 66-68, 70.)

Defendant Streck filed a combined response to Plaintiff's Motion and a "renewed" motion to dismiss the remaining claims against him. (Defendant's Motion, Doc. No. 31.)

Defendant Streck argues that the remaining claims against him should be dismissed because Plaintiff purportedly admitted in his own Motion that Defendant "was named because he should be held accountable for his [employees'] actions and training." (*Id*. at PageID 142 (citing Doc. No. 27, PageID 131).)

The Court construes these Motions as motions for reconsideration of the Court's Dismissal Order (Doc. No. 16). For the reasons set forth below, both Plaintiff's Motion (Doc. No. 27) and Defendant's Motion (Doc. No. 31) are denied.

The Court denies Plaintiff's Motion because it presents no viable basis for "overturning" or reconsidering the Court's previous order. (Doc. No. 27.) Plaintiff simply repeats the arguments he made when responding to Defendants' prior motion to dismiss. (*Compare* Response in Opposition, Doc. No. 13, PageID 59 ("There Is Video Evidence That supports The Claim Of Unnecessary Use Of Force And Assault. The Officers In Question Clearly Violated Levester Smith's Constitutional Rights.") *with* Motion to Overturn, Doc. No. 27, PageID 131 ("the evidence in the CD clearly shows that the defendants Mead, Dell, O'Daniel, Lee and Eaton did use excessive force, unnecessary force and battery and should be held accountable.").) The Court did not agree that this argument excused Plaintiff's untimely filing of his claims (*see* Doc. No. 16), and the undersigned concurs. Moreover, the undersigned agrees that Plaintiff's claims against the dismissed Defendants are time-barred and cannot proceed as a matter of law. The Court therefore **DENIES** Plaintiff's Motion (Doc. No. 27).

The undersigned similarly **DENIES** Defendant's Motion (Doc. No. 31). As the Court explained in the Dismissal Order:

> Having carefully and thoroughly considered the pleadings and briefing in support of, and in opposition to, Defendants' motion as it relates to Counts I and II alleged against Defendant Streck, along with the procedural posture of this case, the efficient and appropriate way forward is to permit discovery to occur and consider the parties' arguments on summary judgment, not earlier at the motion-to-dismiss phase of litigation. *See, e.g.*, *Meriwether v. Hartop*, 992 F.3d 492, 514 (6th Cir. 2021). Proceeding in this manner will ensure that the Court reviews these arguments only after appropriate discovery has been completed and will guarantee that the Court's consideration of the parties' arguments is not premature. *Id.*; *cf. Humphreys v. Bank of Am.*, 557 F. App'x 416, 422 (6th Cir. 2014); *Grose v. Caruso*, 284 F. App'x 279, 284 (6th Cir. 2008) (Gibbons, J., concurring); *Nuchols v. Berrong*, 141 F. App'x 451, 453 (6th Cir. 2005); *LRL Prop. v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1113 (6th Cir. 1995) (Jones, J., dissenting). Because there is a timely-filed, plausible claim upon which relief can be granted as to Defendant Streck, Counts I and II should not be dismissed against him.

(Doc. No. 16, PageID 68.) The undersigned completely agrees with this conclusion.

Accordingly, this lawsuit shall proceed according to the Court's previously issued Civil Scheduling Order (Doc. No. 30), although the Court sua sponte grants Defendant Streck leave to file an answer to Plaintiff's Amended Complaint (Doc. No. 7) **within fourteen (14) days** of the date of this Order. Plaintiff is not permitted to file a response to the Answer under the Federal Rules of Civil Procedure. Plaintiff is also reminded that he must keep the Court informed of his current address while this case is pending.

**IT IS SO ORDERED**.

                                           */s/ Caroline H. Gentry*
                                           Hon. Caroline H. Gentry
                                           United States Magistrate Judge