## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| LEVESTER SMITH, | : | Case No. 3:22-cv-00203 |
| | : | |
| Plaintiff, | : | Magistrate Judge Caroline H. Gentry |
| | : | (by full consent of the parties) |
| vs. | : | |
| | : | |
| ROB STRECK, SHERIFF, | : | |
| | : | |
| Defendant. | : | |

## DECISION AND ORDER

Plaintiff Levester Smith, who is proceeding without the assistance of counsel, filed this civil rights lawsuit to seek damages relating to an incident that occurred in July 2020 at the Montgomery County Jail. The sole remaining defendant in the case, Montgomery County Sheriff Rob Streck, has filed a Motion for Summary Judgment (Doc. No. 44) on the two remaining counts in Plaintiff's Amended Complaint. The motion has been fully briefed. (Doc. Nos. 49, 52.) For the reasons set forth below, the Court **GRANTS** Defendant's Motion for Summary Judgment, awards judgment in favor of Defendant and against Plaintiff, and **ORDERS** that this case be terminated on the Court's docket.

## I.     BACKGROUND

Plaintiff alleges that he was injured while he was in custody at the Montgomery County Jail. (Amended Complaint, Doc. No. 7 & Answer, Doc. No. 33 at ¶¶ 7, 8, 12.) The injuries allegedly occurred when officers attempted to remove rings from Plaintiff's

hands, which were cuffed behind his back. (*Id*. at ¶¶ 7-18.) The Court previously

summarized Plaintiff's allegations as follows:

> On July 28, 2020, Plaintiff was in custody at the Montgomery County Jail.
> [Amended Complaint, Doc. No. 7] at PageID 19. Plaintiff then wore
> several rings on his fingers. *Id*. Unidentified "police officer [D]efendants"
> attempted to remove the rings from Plaintiff's fingers but were having
> difficulty doing so. *Id*. Plaintiff asked for permission to remove the rings
> himself. *Id*. at PageID 20. The officers refused and continued trying to
> remove the rings, causing Plaintiff pain and discomfort. *Id*. Eventually, the
> officers forced Plaintiff to the ground and Plaintiff's face began bleeding.
> *Id*. He was offered a napkin to stop the bleeding, but no other assistance
> was provided. *Id*. Plaintiff was eventually allowed to remove his rings
> without interference. *Id*. at PageID 21.
>
> Notably, Plaintiff had surgery on his groin area "only days before" this
> incident, which exacerbated his preexisting pain from that surgery. *Id*. at
> PageID 20. Shortly after being released from incarceration, Plaintiff sought
> medical treatment for these injuries. *Id*. at PageID 21. He filed this lawsuit
> on July 28, 2022. *See* Doc. No. 1.

(Motion to Dismiss ("MTD") Decision, Doc. No. 16, PageID 65.)

Plaintiff's original Complaint (Doc. No. 1) was filed with the assistance of counsel

against Defendant Streck, four unknown officers, and Montgomery County, Ohio. (*Id*.)

Count One (Section 1983 claim for violations of constitutional rights) and Count Two

(state-law claim for assault and battery) were filed against Defendant Streck and the

unknown officers. Count Three (Section 1983 claim for unconstitutional policies or

customs) was filed against Montgomery County. (*Id*.)

After Plaintiff's counsel passed away, Plaintiff filed an Amended Complaint

(which is now the operative complaint) without the assistance of counsel. (Doc. No. 7.)

The Amended Complaint asserts essentially the same claims and was filed against

Defendant Streck and five named correctional officers. (*Id*. at PageID 18-23.)

2

In 2024, the Court issued a decision that dismissed some of the claims in the Amended Complaint. (Decision, Doc. No. 16.) The Court dismissed all of the claims against the five individual officers on the grounds that they were filed too late:

> Plaintiff's claims against Defendants Mead, Dell, O'Daniel, Lee, and Eaton are time-barred and should be dismissed. The statute of limitations for the § 1983 excessive force claim expired July 28, 2022 – two years after the incident occurred on July 28, 2020. The statute of limitations for the assault and battery claim expired on July 28, 2021 – one year after the incident occurred. Because these defendants were not named as such—or had reason to believe they would be named as such—until July 11, 2023 [when the Amended Complaint was filed], the claims against them must be dismissed. *See City of Akron*, 476 F. App'x at 69 (citing *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996)).

(*Id*. at PageID 68.) The Court also dismissed Count III, the municipal liability claim, on the grounds that it failed to state a claim upon which relief can be granted. (*Id*. at PageID 69-70 ["The municipal liability claim against Defendant Streck is **DISMISSED**."].)

The Court did, however, allow Plaintiff's excessive force and assault-and-battery claims against Defendant Streck to proceed. (Decision, Doc. No. 16 at PageID 70.) Defendant Streck has moved for summary judgment on these claims. (MSJ, Doc. No. 44.) Plaintiff filed a response brief, which he signed before a notary. (Response, Doc. No. 49.) Defendant then filed a reply brief. (Reply, Doc. No. 52.)

## II.     SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure permits parties to move for summary judgment on one or more claims or defenses in an action. Fed. R. Civ. P. 56(a). The Court "shall grant summary judgment if the movant shows that there is no ***genuine dispute*** as to any ***material fact*** and the movant is entitled to judgment as a matter of law."

3

*Id.* (emphasis added). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non[-]moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if its resolution "might affect the outcome of the suit under the governing law." *Id.*

If a party asserts that a fact cannot be disputed or, conversely, that it is genuinely disputed, then it must support its assertion with citations to evidentiary materials (e.g., depositions, documents, affidavits, declarations, stipulations, admissions or interrogatory answers). Fed. R. Civ. P. 56(c)(1)(A). The Court may only consider ***admissible*** evidence, which does not include unsworn statements. Fed. R. Civ. P. 56(c)(2) & (4); *Tenneco Auto. Operating Co. v. Kingdom Auto Parts*, 410 F. App'x 841, 847 (6th Cir. 2010). Notably, a plaintiff's *pro se* status does not exempt him from his burden to respond with admissible evidence. *Viergutz v. Lucent Techs.*, 375 F. App'x 482, 485 (6th Cir. 2010).

The party moving for summary judgment bears the initial burden of showing the absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The moving party meets this burden when it shows that the lack of evidence supporting an essential element of the non-moving party's case is so significant that "no reasonable jury could find for the nonmoving party." *Buetenmiller v. Macomb Cnty. Jail*, 53 F.4th 939, 943 (6th Cir. 2022). However, when asserting qualified immunity at the summary-judgment stage, a defendant is relieved of the threshold burden on that issue, and the plaintiff must instead affirmatively prove that the defendant *is not* subject to qualified immunity. *Fry v. Robinson*, 678 F. App'x 313, 318 (6th Cir. 2017).

4

If the moving party meets its initial burden, then the non-moving party cannot rest on its pleadings, but instead must point to admissible evidence that creates a genuine issue of material fact on each element of its claims or defenses. *Anderson*, 477 U.S. at 248-50; *Kraft v. United States*, 991 F.2d 292, 296 (6th Cir. 1993). The non-moving party must show that more than "a mere scintilla of evidence" supports each such element. *CareToLive v. FDA*, 631 F.3d 336, 340 (6th Cir. 2011). If the non-moving party does not either properly support its assertions of fact or address the moving party's assertions of fact with admissible evidence, then the Court may consider the moving party's cited evidence to be undisputed. Fed. R. Civ. P. 56(e).

When ruling on a motion for summary judgment, the Court is required to draw all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Although the Court is only required to consider the materials cited by the parties, it may also consider other evidentiary materials in the record. Fed. R. Civ. P. 56(c)(3). However, the Court "has no duty when deciding a motion for summary judgment to scour the record for evidence that supports a plaintiff's claims." *Abdulsalaam v. Franklin Cty. Bd. of Comm'rs*, 637 F. Supp. 2d 561, 576 (S.D. Ohio 2009).

## III. EVIDENTIARY RECORD

There is limited admissible evidence in the record before this Court. Defendant supported his Motion for Summary Judgment with a Declaration made under penalty of perjury, in which he states in relevant part:

5.      I had no contact with the Plaintiff in Case No. 3:22-cv-00203,
        Levester Smith, on July 28, 2020, nor have I had any contact with
        this person on any other date. I have not had any contact with the
        Plaintiff other than through the pleadings filed in the docket of this
        case.

6.      On July 28, 2020, I was not in the jail and did not witness the
        specific interaction between Plaintiff and the other named officers.

7.      I did not direct, authorize, approve or knowingly acquiesce to the
        specific conduct between the Sheriff Deputies and Plaintiff on July
        28, 2020.

(Streck Decl., Doc. No. 44-1 at PageID 180-81.)

The Court may also consider the following admissions in Defendant's Answer

(Doc. No. 33) to certain allegations in the Amended Complaint (Doc. No. 7):

7.      Sheriff Streck denies that Plaintiff was incarcerated on July 28,
        2020, at the Montgomery County Jail. Plaintiff was in custody at the
        Jail on July 29, 2020.

8.      Sheriff Streck admits that when Plaintiff arrived at the Jail on July
        29, 2020, and was taken to the receiving room for his custodial
        search incident to his booking, Plaintiff was wearing rings on his
        fingers….

12.     Sheriff Streck admits that when Plaintiff arrived at the Jail on July
        29, 2020, and was taken to the receiving room for his custodial
        search incident to his booking, he was handcuffed with his hands
        behind his back….

15.     Sheriff Streck admit[s] that because of Plaintiff's combativeness and
        noncompliance with corrections officers on July 29, 2020, he was
        the subject of an action response incident where Plaintiff sustained a
        minor cut or abrasion to his face….

18.     Sheriff Streck admits that after Plaintiff became compliant following
        the corrections officers' action response, Plaintiff was permitted to
        facilitate removal of his rings….

(Answer, Doc. No. 33, PageID 148-49.)

6

The Court notes that although Plaintiff did present his version of the facts, he did not do so in a form that constitutes admissible evidence. The Amended Complaint is not admissible evidence because it is not verified or signed under penalty of perjury under 28 U.S.C. § 1746.[1] Plaintiff did not attach evidentiary materials—such as a sworn affidavit or a declaration made under penalty of perjury—to his Response (Doc. No. 49). Although the Response was signed and notarized, the notary's statement indicates only that Plaintiff "acknowledged" the Response (*id*. at PageID 198), and it "does not purport to be made under oath or contain any other elements of an affidavit or declaration under penalty of perjury." *Fraker v. Marysville Exempted Vill. Sch.*, 696 F. Supp. 2d 887, 894 (S.D. Ohio 2010) (striking notarized but unsworn affidavit). Finally, although the Response refers to items that might constitute admissible evidence—such as an Inmate Handbook, Sheriff Department Policies, and video of the incident (*id*. at PageID 193-194, 195, 197)—neither party provided those items to the Court for its review.

Nevertheless, the facts that are relevant to the issues raised in Defendant's Motion for Summary Judgment are undisputed. The parties agree that Plaintiff was in custody at the Montgomery County Jail (whether on July 28 or July 29, 2020); wore rings on his fingers; had his hands cuffed behind his back; was subjected to certain force that resulted in an injury to his face; and was eventually permitted to remove his rings. Although the

---

[1] *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (noting that a complaint signed under penalty of perjury pursuant to § 1746 would "carr[y] the same weight as would an affidavit for the purposes of summary judgment."); *Stokes v. Ohio Truck Sales, LLC*, 633 F. Supp. 3d 1023, 1029 (N.D. Ohio 2022) ("plaintiff has not signed her complaint under penalty of perjury; therefore, it is not a verified complaint, and I cannot consider its allegations as evidence.")

parties likely dispute the nature, cause and extent of Plaintiff's injuries—and certainly

dispute whether the force used was constitutionally excessive or constitutes an assault

and battery—those disputes are not relevant to the arguments raised in the Motion for

Summary Judgment. It is therefore unnecessary to give the parties the opportunity to

supplement the motion and briefs with admissible evidence. *See* Fed. R. Civ. P. 56(e)(1).

## IV.   ANALYSIS

Defendant, who is the Montgomery County Sheriff, asserts that he is entitled to

summary judgment as a matter of law on Plaintiff's claims, which are based on the

alleged actions of Sheriff's Deputies at the Jail. (MSJ, Doc. No. 44.) Defendant argues

that because he was not present during the incident involving Plaintiff, he cannot be held

liable for the actions of those officials. (*Id*. at PageID 175-76 & 178; Streck Decl. at ¶¶ 5-

6.) Defendant also argues that he is entitled to summary judgment because Plaintiff did

not identify a municipal policy that caused the allegedly unlawful actions (Doc. No. 44 at

PageID 174-176); that he cannot be held liable under a theory of supervisory liability (*id*.

at PageID 176); and that he is protected from liability by the doctrines of qualified

immunity and political subdivision immunity (*id*. at PageID 176-178).

### A.   Defendant Is Entitled to Summary Judgment on Plaintiff's Section 1983 Excessive Force Claim.

Given the undisputed evidence in the record, the Court concludes that Defendant

is entitled to summary judgment on Plaintiff's Section 1983 excessive force claim, for

two reasons. First, Defendant cannot be held liable simply because of his alleged role as

employer or supervisor of the Jail officials. Second, there is no evidence that Defendant had any personal involvement with the alleged use of excessive force against Plaintiff.

> **1.** **Defendant cannot be held liable under a theory of *respondeat superior* for the actions of his subordinates.**

Plaintiff argues that Defendant should be held liable "for his [Deputies'] negligent performance within the scope of his employment and authority, within the Montgomery County Jail." (Response, Doc. No. 49 at PageID 197.) In other words, Plaintiff asserts that Defendant should be legally responsible for the actions of the Deputies who interacted with Plaintiff at the Jail, given Defendant's position as Sheriff and his alleged role as the employer or supervisor of the Deputies at the Montgomery County Jail.

This argument fails as a matter of law. Plaintiff's theory rests upon the doctrine of *respondeat superior*, which "hold[s] an employer or principal liable for the employee's or agent's wrongful acts committed within the scope of the employment or agency." Black's Law Dictionary (12th ed. 2024). However, "[i]t is well-settled that government officials may not be held liable for the unconstitutional conduct of their subordinates under the theory of *respondeat superior*." *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)) (cleaned up). In other words, "a supervisor cannot be held liable simply because he or she was charged with overseeing a subordinate who violated the constitutional rights of another." *Id.* (citing *Gregory v. City of Louisville,* 444 F.3d 725, 751 (6th Cir. 2006)). *See also Polachek v. Roberts*, No. 1:22-cv-742, 2023 WL 3493987, at *4 (S.D. Ohio May 17, 2023), *report and recommendation adopted*, 2023 WL 6348388 (S.D. Ohio Sept. 28, 2023) (noting that the

officer overseeing the jail "cannot be held responsible for everything that occurred there simply because he is in charge of the staff" who allegedly violated plaintiff's rights). As a matter of law, Defendant's mere status as the employer or supervisor of Deputies at the Jail does not make him liable for any allegedly unlawful actions of those Deputies.

The cases cited by Plaintiff do not lead to a different result. In *King v. Sheriff of Franklin Cnty.*, 38 Mass. App. Ct. 925, 646 N.E.2d 417 (1995), a state appeals court rejected a Section 1983 claim against a sheriff as time-barred under state law, stating:

> No allegations are directly leveled against the sheriff in the complaint.
> However, even if the complaint is generously read as implicitly seeking to
> hold the sheriff accountable for the alleged misdeeds of his employees, the
> action is nonetheless time-barred . . .

*Id.* at 417. However, the state court did not either conclude that a timely claim would have been successful against the sheriff or address the merits of such a claim.

Further, in *Batchelder v. Young*, 2006-Ohio-6097 (11th Dist.), the state appeals court held that "Sheriff Altiere may not be held responsible for any of the alleged conduct of the officers." *Id.* at ¶¶ 30-31. That court also explained that "a governmental entity may not be held liable in a suit alleging Section 1983 violations for the acts of its employees solely based upon *respondeat superior* or vicarious liability." *Id.* at ¶ 33.

Therefore, although the plaintiffs in these two cases argued that a sheriff *should* be held liable under a theory of *respondeat superior*, the courts did not agree. Accordingly, it is well-established as a matter of law that Plaintiff cannot hold Defendant liable for the actions of his subordinates under this theory of liability.

10

### 2.     There is no evidence that Defendant was personally involved with the alleged actions of his Deputies.

Instead, to hold Defendant liable under Section 1983 for the actions of his Deputies, Plaintiff must prove that Defendant was "somehow personally involved in the unconstitutional activity of a subordinate … or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Wingo v. Tenn. Dept. of Corr.*, (citing *Dunn v. State of Tenn.*, 697 F.2d 121, 128 (6th Cir. 1982) and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). *Accord Crawford v. Tilley*, 15 F.4th 752, 761 (6th Cir. 2021) ("plaintiff must show that [the supervisor] at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate."). Plaintiff must also plead and prove that there is a "causal connection" between the allegedly unconstitutional behavior and Plaintiff's injuries. *Crawford*, 15 F.4th at 761-62.

The undisputed evidence in the record does not allow Plaintiff to succeed under this theory of liability. Defendant has declared, under penalty of perjury, that he "did not direct, authorize, approve or knowingly acquiesce to the specific conduct between the Sheriff Deputies and Plaintiff on July 28, 2020." (Streck Decl., Doc. No. 44-1, PageID 180 at ¶ 7.) Defendant argues that given the lack of any evidence to the contrary, the excessive force claim must be dismissed. (MSJ, Doc. No. 44 at PageID 176.)

The Court agrees. Plaintiff has produced no evidence to dispute Defendant's statements made under penalty of perjury or to show that a genuine dispute of fact exists as to whether Defendant "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Peatross*, 818 F.3d at 242.

11

Accordingly, the Court concludes that no genuine dispute of fact exists on this issue and that Defendant is entitled to judgment as a matter of law on Plaintiff's Section 1983 claim against Defendant for the excessive use of force.[2]

### C. Defendant Is Entitled to Summary Judgment on Plaintiff's State-Law Assault and Battery Claims.

Plaintiff's state-law assault and battery claims against Defendant fail for similar reasons. As with his Section 1983 excessive force claim, Plaintiff argues that Defendant should be held responsible for the alleged assault and battery committed by Deputies at the Jail. Again, Plaintiff does not claim that Defendant himself committed the alleged assault and battery or was personally involved with the alleged actions of the Deputies.

Defendant's potential liability is limited by Section 311.05 of the Ohio Revised Code, which is titled "Limited liability of sheriff for deputies' misconduct" and provides:

> The sheriff shall only be responsible for the neglect of duty or misconduct in office of any of his deputies if he orders, has prior knowledge of, participates in, acts in reckless disregard of, or ratifies the neglect of duty or misconduct in office of the deputy.

Ohio Rev. Code § 311.05. Here, there is no evidence that Defendant ordered, had prior knowledge of, participated in, acted in reckless disregard of, or ratified the neglect of

---

[2] The Court need not, and therefore does not, reach the question of whether Defendant is protected by qualified immunity for this claim. *See Bakari v. May*, No. 3:10-cv-250, 2011 WL 1743728, at *7 (S.D. Ohio May 6, 2011) (quoting *Estate of Smithers ex rel. Norris v. City of Flint*, 602 F.3d 758, 767, n. 9 (6th Cir. 2010)) ("A finding that a constitutional violation occurred is required to deny defendants qualified immunity. Absent any cognizable claim asserting a constitutional violation, the Court need not reach the issues of qualified immunity.") (cleaned up); *Mays v. City of Dayton*, 134 F.3d 809, 813 (6th Cir. 1998) ("In reviewing a qualified immunity determination, this Court must first determine whether plaintiffs have stated a claim against the defendant pursuant to 42 U.S.C. § 1983, demonstrating the violation of a constitutional right. If the court finds no valid claim pursuant to 42 U.S.C. § 1983, the court need not reach the issue of qualified immunity.").

duty or misconduct by any Deputy at the Jail. To the contrary, Defendant has declared under penalty of perjury that he "did not direct, authorize, approve or knowingly acquiesce to the specific conduct between the Sheriff Deputies and Plaintiff on July 28, 2020." (Doc. No. 44-1 at PageID 180, ¶ 7.) Defendant has further declared under penalty of perjury that he "was not in the jail and did not witness the specific interaction between Plaintiff and the other named officers." (*Id.* at ¶ 6.) Plaintiff has produced no evidence to contradict these statements or to show that a genuine dispute of fact exists on this issue. Accordingly, the Court concludes that no genuine dispute of fact exists on this issue and that Defendant is entitled to judgment as a matter of law on Plaintiff's state-law claims for assault and battery.[3]

## III. CONCLUSION

For the reasons stated, Defendant Streck's Motion for Summary Judgment (Doc. No. 44) is **GRANTED**. The Court awards judgment in this matter in favor of Defendant and against Plaintiff. This case shall be **TERMINATED** upon the Court's docket.

**IT IS SO ORDERED.**

*/s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

---

[3] The Court need not, and therefore does not, reach the question of whether Defendant Streck is immune from liability under Ohio Revised Code Sections 2744.02(A)(1) or 2744.03.